**MCGUIREWOODS LLP**
Carolee Anne Hoover (SBN 282018)
choover@mcguirewoods.com
Alexander J. Gershen (SBN 291929)
agershen@mcguirewoods.com
Salwa S. Kamal (SBN 327108)
skamal@mcguirewoods.com
Two Embarcadero Center
Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944
Facsimile: 415.844.9922

*Attorneys for VW Credit, Inc. and Audi Financial Services*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE ANN GOLDBERG,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AUDI FINANCIAL SERVICES; VW CREDIT, INC.; ERIC RAMIREZ; ADAM SALTZMAN, CHIEF EXECUTIVE OFFICE FOR STERLIN ASSET RECOVERY, INC.; JANIS SACHS; MICHAEL FARHOOD; JOHN DOE, SON OF MICHAEL FARHOOD; STEVE GORDON, DIRECTOR OF THE CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | CASE NO.<br><br>[Los Angeles County Superior Court Case No. 21VECV00337]<br><br>**DEFENDANTS VW CREDIT, INC. AND AUDI FINANCIAL SERVICES' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>*Filed Under Separate Cover:*<br><br>**DECLARATION OF SALWA S. KAMAL**<br><br>**Complaint Filed; March 12, 2021**<br>**FAC Filed: June 1, 2021** |

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants VW Credit, Inc. ("VCI") and Audi Financial Services ("AFS") (collectively "Defendants")[1] hereby remove the above-captioned matter from the Superior Court of the State of California for the County of Los Angeles – Van Nuys Courthouse (the "State Court") to the U.S. District Court for the Central District of California. This Court has jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. As grounds for removal of this action pursuant to 28 U.S.C. § 1446(a), the Defendants state as follows:

## PLEADING AND PROCEDURES

1. On March 12, 2021, Plaintiff Julie Goldberg ("Plaintiff") commenced this civil suit against the VCI, AFS, and several other defendants captioned as *Goldberg v. Audi Financial Services et al*, Case No. 21VECV00337, Superior Court of the State Of California for the County of Los Angeles – Van Nuys Courthouse ("State Court Action"), which asserts nine (9) causes of action for:

    (1)    Violation of Cal. Civ. Code 3071;

    (2)    Violation of Uniform Commercial Code Statute § 9-610(a); (b);

    (3)    Negligence;

    (4)    Consumer Fraud Act Violation – Deceptive Conduct;

    (5)    Consumer Fraud Act Violation – Unfair Conduct;

    (6)    Conversion;

    (7)    Defamation;

    (8)    Fraudulent Concealment; and

---

[1] While VCI does business as AFS, it is not a separate entity.

   (9) Violation of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, *et seq.* ("CCRAA").

A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

  2. On April 30, 2021, the Defendants filed a demurrer to the Complaint in the State Action. *See* **Exhibits K** and **L**.

  3. Before the Defendants' demurrer came on for hearing, on June 1, 2021, Plaintiff filed her first amended complaint ("FAC") in the State Court Action against the Defendants, Eric Ramirez, Adam M. Saltzman as the C.E.O. for Sterling Asset Recovery, Inc., Michael Farhood, John Doe Farhood, Son of Michael Farhood, Steve Gordon as the Director of the California Department of Motor Vehicles, alleging eighteen (18) causes of action for:

   (1) Violation of Cal. Civ. Code § 3068;
   (2) Violation of Cal. Civ. Code § 3071;
   (3) Violation of Uniform Commercial Code Statute § 9-610(a); (b);
   (4) Negligence Per Se;
   (5) Negligence – Breach of Fiduciary Duty;
   (6) Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*;
   (7) Conversion;
   (8) Defamation;
   (9) Slander of Title;
   (10) Fraudulent Concealment;
   (11) Violation of the CCRAA;
   (12) Intentional Infliction of Emotional Distress;
   (13) Violation of Cal. Bus. & Prof. Code § 7507.9;
   (14) Violation of Cal. Bus. & Prof. Code § 7507.10;
   (15) Civil Conspiracy;
   (16) Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA");

|   |   |
|---|---|
| 1 | (17) Breach of Promise; and |
| 2 | (18) Unjust Enrichment; |

A true and correct copy of the FAC is attached hereto as **Exhibit YY**.

4. True and correct copies of all process, pleadings, orders, and other papers or exhibits received by the Defendants in this action to date are attached hereto as **Exhibits A** through **Exhibit JJJ**. *See* Exhibit Index.

5. Defendants are informed and believe that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

6. Defendants Adam Saltzman, Michael Farhood, John Doe, Son Of Michael Farhood, and Steve Gordon, Director of the California Department of Motor Vehicles ("DMV") have consented to this Removal.[2]

7. Defendants Does 1 through 50 have yet to be identified and are therefore disregarded for the purposes of this removal. *See* 28 U.S.C. § 1441(b)(1). As such, the aforementioned Defendants are the only parties needed to consent to this removal.

## TIMELINESS OF REMOVAL

8. On June 9, 2021, Plaintiff served the FAC in **Exhibit YY** by mail to counsel of record for VCI, AFS, Eric Ramirez, Adam Saltzman, Michael Farhood, and John Doe, Son of Michael Farhood. *See* **Exhibit DDD**.[3]

9. On June 14, 2021, the Defendants received services copies of the FAC in **Exhibit YY** by mail.

---

[2] On May 18, 2021, Defendant Janis Sachs was dismissed without prejudice in the State Court Action, and is not named in the FAC. *See* **Exhibit SS**. On June 23, 2021, the Court granted Defendant Eric Ramirez's motion to quash service of summons, holding that the Court does not have jurisdiction over Mr. Ramirez. *See* **Exhibit III**.

[3] The docket in the State Court Action does not reflect a proof of service of the FAC as to Steve Gordon, Director of the DMV.

10. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as Defendants have filed this Notice of Removal within thirty days of the date Defendants were served with the FAC, which is the first date upon which any defendant in this action was served with any pleading, amended or otherwise, first giving it knowledge that the action was indeed removable. *See* 28 U.S.C. § 1446(b). Defendants have not previously removed the State Court Action.

11. Defendants have not served nor filed a response to the FAC in the State Court Action.

## REMOVAL JURISDICTION – FEDERAL QUESTION

12. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and all other applicable bases for removal, and it is one that may be removed to this Court because it involves claims and/or issues arising in whole or in part under the Constitution, laws, or treaties of the U.S.

13. Pursuant to 28 U.S.C. § 1331, U.S. District Courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See U.S. v. Alisal Water*, 431 F.3d 643, 650 (9th Cir. 2005). Additionally, pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

14. Plaintiff's sixteenth cause of action in the FAC is brought pursuant to the FCRA, 15 U.S.C. §§ 1681, *et seq.*, and it alleges that Defendants' actions "constitute numerous and multiple willful, reckless, or negligent violation of the FCRA." **Exhibit YY** (FAC), ¶ 261. Plaintiff seeks statutory, actual and punitive damages under FCRA.

15. Accordingly, because Plaintiff has asserted claims "arising under the laws . . . of the United States," this Court has original subject matter jurisdiction over

this action and removal is proper. 28 U.S.C. § 1331.

## REMOVAL JURISDICTION – DIVERSITY JURISDICTION

16. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(b), and all other applicable bases for removal, as it is an action that may be removed to this Court by Defendants, because: (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendants, on the other hand; and (2) the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

**A.      The Parties are Citizens of Different States.**

17.      **Plaintiff's Citizenship**. A person's domicile, which determines state citizenship for purposes of diversity jurisdiction, is the person's permanent home, where he resides with the intention to remain or to which he intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); 28 U.S.C. § 1332. Moreover, the diversity determination is dependent on where the parties were domiciled at the time the lawsuit is filed and also when the removal is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) ("[D]omicile for purposes of diversity is determined as of the time the lawsuit is filed"); *Strotek v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (diversity jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected"). The Ninth Circuit applies the *Lew* factors to determine where a person is domiciled. *Id*. These factors include "current residence, voting information, location of property, location of brokerage and bank accounts, location of spouse and family, place of employment, driver's license and automobile registration, payment of taxes, and membership in unions or other organizations." *Id*. (emph. added).

18.      Upon information and belief, Plaintiff is a citizen of Wayne County, Michigan. First, Plaintiff is registered to vote in the City of Melvindale, Wayne County, Michigan, as reflected by the Michigan Voter Information Center. *See* Decl. of S. Kamal in support of Notice of Removal ("Kamal Decl."), ¶ 2; *Lew*, 797 F.2d at 750 (relying on *voting information* to determine diversity jurisdiction).

[Screenshot of Michigan Voter Information Center showing voter registration confirmation for City Of Melvindale, Wayne County, with polling location, clerk (Linda Land, City Clerk, 3100 Oakwood Blvd, Melvindale, Michigan 48122), and absentee ballot information.]

19. Second, Plaintiff's profile with the California State Bar represents that she has an address in Melvindale, MI, as reflected on the State Bar of California's website, as of the date of filing this notice of removal:

*See* State Bar of California Attorney Search California Secretary of State Attorney Search, available at http://members.calbar.ca.gov/fal/LicenseeSearch/QuickSearch (Searched: "Julie Ann Goldberg") available at http://members.calbar.ca.gov/fal/Licensee/Detail/235565; *see also* Kamal Decl., ¶ 2.

[Screenshot of The State Bar of California Attorney Profile page showing: Julie Ann Goldberg #235565, License Status: Active, Address: Goldberg & Associates, 3005 Oakwood Blvd, Melvindale, MI 48122-1209, Phone: 313-888-9545, Fax: 718-432-1044, Email: info@goldbergimmigration.com, Website: Not Available.]

20. While the FAC does not refer to her citizenship, Plaintiff admits that she is "in four different cities one of which is out of the country and [she] is mostly overseas." *See* **Exhibit YY** (FAC), Ex. X. to the FAC, ¶ 9.

21. In the alternative, upon information and belief, Plaintiff is a citizen of Bronx County, New York. In the exhibits to the FAC, Plaintiff alleges that in October 2016, she changed her mailing address to New York "where mail is at least monitored because my California address where the car was registered and garaged I do not receive mail and if I do it's only every 4 to 5 months when I am in town." *Id.* at ¶ 12. Plaintiff alleges that in February 2020, she "quarantined in New York." *Id.* at ¶¶ 43, 45. Plaintiff alleges that she received title to the subject vehicle in June 2020 when she returned to Los Angeles "because of the fact that it went to an address where I do not receive mail." *Id.* at ¶¶ 44, 46.

22. Plaintiff does not allege that she is a citizen of, resides in, nor domiciled in the state of California. *See* **Exhibits A** (Complaint), ¶ 4; **Exhibit YY** (FAC), ¶ 5.

23. **VCI and AFS's Citizenship**. VCI, which does business as AFS, is a corporation incorporated under the laws of Delaware, and maintains its principal place of business in Illinois, as reflected by the California's Secretary of State's Business Entity Search website:

//
//
//
//
//
//
//
//
//
//

> **Business Search - Entity Detail**
>
> The California Business Search is updated daily and reflects work processed through Monday, June 28, 2021. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.
>
> **C1079782    VW CREDIT, INC.**
>
> | | |
> |---|---|
> | Registration Date: | 06/05/1981 |
> | Jurisdiction: | DELAWARE |
> | Entity Type: | FOREIGN STOCK |
> | Status: | ACTIVE |
> | Agent for Service of Process: | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE (C1592199) To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
> | Entity Address: | 1401 FRANKLIN BLVD LIBERTYVILLE IL 60048 |
> | Entity Mailing Address: | 1401 FRANKLIN BLVD LIBERTYVILLE IL 60048 |
>
> 🛒 **Certificate of Status**
>
> A Statement of Information is due EVERY year beginning five months before and through the end of June.

*See* California Secretary of State Business Search available at https://businesssearch.sos.ca.gov/ (Corporation Name Searched: "VW Credit, Inc."); Kamal Decl., ¶ 3. Therefore, Defendants are citizens of **Delaware** and/or **Illinois** for the purpose of determining jurisdiction. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "[a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010) (the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and in practice, the principal place of business "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination").

24. Adam Saltzman, C.E.O for Sterling Asset Recovery, Inc. is a citizen of California. *See* **Exhibit YY** (FAC), ¶ 10.

25. Michael Farhood is a citizen of the California, upon information and belief.

26. John Doe, son of Michael Farhood, is a citizen of the California, upon information and belief.

27. Steve Gordon, Director of the California Department of Motor Vehicles, is a citizen of California, upon information and belief.

28. Defendants "DOES 1 to 50" are fictitious defendants whose citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a).

29. Because Plaintiff is a citizen of Michigan or New York, and of the Defendants—VCI and AFS are citizens of Delaware and Illinois, Adam Saltzman is a citizen of California, Michael Farhood and John Doe, son of Michael Farhood are citizens of California, and Steve Gordon is a citizen of California, complete diversity exists.[4]

**B.    The Amount in Controversy Exceeds $75,000.**

30. In order to establish diversity jurisdiction, the amount in controversy must exceed $75,000. The face of Plaintiff's FAC shows the amount in controversy exceeds $75,000.

31. Based upon Plaintiff's request for damages in the FAC of at least $200,000, the amount in controversy exceeds $75,000. *See* **Exhibit YY**, ¶ 273; *LaCrosse v. Knight Truck & Trailer Sales, LLC*, 775 F.3d 1200, 1203 (9th Cir. Jan. 8, 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)) (a plaintiff's complaint is a court's "first source of reference in determining the amount in controversy").

32. VCI and AFS expressly reserve the right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted

---

[4] As noted above, neither Defendant Eric Ramirez nor Janis Sachs remain parties to the litigation. Mr. Ramirez, a citizen of Virginia, had his motion to quash service of the summons granted on June 23, 2021. *See* **Exhibit III**. Defendant Janis Sachs is a citizen of California, upon information and belief, and was dismissed without prejudice on May 18, 2021. *See* **Exhibit SS**. Even if these defendants remained in the litigation, diversity of citizenship would not be defeated.

by applicable law to provide additional supporting evidence or include any additional sums sought in the FAC, but not included herein, should any aspect of this removal and/or the information set forth herein be challenged. *See, e.g.*, *Arias*, 936 F.3d at 925-29 (defendant must be provided "a fair opportunity to submit proof" where amount in controversy contested); *Janis v. Health Net, Inc.*, 472 F. App'x 533, 534-35 (9th Cir. 2012) (holding court erred in refusing to consider evidence submitted *after* removal in response to a remand motion).

## SUPPLEMENTAL JURISDICTION

33. The Court has supplemental jurisdiction over all other claims asserted by Plaintiff pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c). When a defendant removes a lawsuit that joins both federal and state law claims, the district court may exercise supplemental jurisdiction over the state law claims if those claims "form part of the same case or controversy." 28 U.S.C. § 1367(a); *see also Kuba v. 1-Aagric. Ass'n*, 387 F.3d 850, 955 (9th Cir. 2004) (claims are within the supplemental jurisdiction of the Court if they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.").

34. Here, Plaintiff's causes of action arise from the same set of alleged facts and contentions regarding the actions that Defendants' actions undertook regarding the subject vehicle for which the they allegedly inaccurately reported on Plaintiff's credit report and repossessed the subject vehicle. Further, the eleventh cause of action is brought pursuant to the CCRAA, Civ. Code § 1785.1, which is the state law counterpart to the FRCA, and the FCRA is, therefore, inextricably intertwined with the eleventh cause of action.

35. Accordingly, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). Thus, this action is removable in its entirety under this Court's original federal question and supplemental subject matter jurisdiction.

## VENUE

36. Defendants are informed and believe that the events allegedly giving rise to this action occurred within this judicial district. Venue lies in this Court because Plaintiff's action was filed in the Superior Court of California, County of Los Angeles, and is pending in this district and division. Accordingly, Defendants are entitled to remove this action to the U.S. District Court for the Central District of California as it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). *See* 28 U.S.C. § 1441(a).

## NOTICE TO PLAINTIFF AND STATE COURT

37. Contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing will be served on Plaintiff's counsel of record as reflected in the attached Certificate of Service. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

## PRESERVATION OF DENIALS AND DEFENSES

38. By filing this Notice of Removal, the Defendants do not waive any jurisdictional or other defenses that might be available to it. In addition, the Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure. Defendants reserve the right to amend or supplement this Notice of Removal. Defendants specifically reserve the right to amend this petition to offer additional grounds for removal should the grounds presented herein be found to be insufficient.

WHEREFORE, the Defendants respectfully request that the above-captioned action now pending in the Superior Court of California in Los Angeles County be removed to this U.S. District Court for the Central District of California.

| | | |
|---|---|---|
| DATED: July 1, 2021 | | **MCGUIREWOODS LLP** |

By: _/s/ Salwa Kamal_
Carolee Hoover, Esq.
Alexander Gershen, Esq.
Salwa Kamal, Esq.

*Attorneys for VW Credit, Inc. and Audi Financial, Services*

# CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2021, the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** was filed electronically in the Court's Electronic Case Filing system ("ECF"). Copies were served on the interested parties as listed below.

| | |
|---|---|
| Julie Ann Goldberg, Esq.<br>GOLDBERG & ASSOCIATES<br>14370 Ventura Blvd.<br>Sherman Oaks, CA 91423<br>T: (818) 999-1559<br>E: julie@goldbergimmigration.com<br>E: ecf@goldbergimmigration.com<br>*PLAINTIFF* | BY FEDERAL EXPRESS |
| Julie Ann Goldberg, Esq.<br>GOLDBERG & ASSOCIATES<br>5586 Broadway, Third Floor<br>Bronx, NY 10463<br>T: (718) 432-1022<br>E: julie@goldbergimmigration.com<br>E: ecf@goldbergimmigration.com<br>*PLAINTIFF* | BY FEDERAL EXPRESS |
| S. Martin Keleti<br>GOLDBERG & ASSOCIATES<br>14370 Ventura Blvd.<br>Sherman Oaks, CA 91423<br>T: (818) 999-1559<br>E: ecf@goldbergimmigration.com<br>*PLAINTIFF COUNSEL* | BY FEDERAL EXPRESS |

| | | |
|---|---|---|
| 1 | | |
| 2 | Philip H. Lo | BY ELECTRONIC MAIL |
| 3 | Jeffrey M. Tsair<br>GORDON REES SCULLY | |
| 4 | MANSUKHANI, LLP<br>5 Park Plaza, Suite 1100 | |
| 5 | Irvine, CA 92614 | |
| 6 | T: (949) 255-6987<br>F: (949) 474-2060 | |
| 7 | E: plo@grsm.com | |
| 8 | jtsair@grsm.com<br>*DEFENDANDT* | |
| 9 | | |

/s/ *Salwa Kamal*
Salwa Kamal

14
CERTIFICATE OF SERVICE